UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK ARNOLD WHITE, SR., TDCJ #00827179, | § § § § | |
| Plaintiff, VS. | § § | CIVIL ACTION NO. 4:20-0086 |
| TEXAS DEP'T OF CRIMINAL JUSTICE, | § § § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff Patrick Arnold White, Sr., an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se*. White has not paid the filing fee. His complaint alleges that multiple media outlets are liable to him in connection with their coverage of race-related issues. Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of

§ 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See White v. Garcia*, Civil Action No. 2:10-0137 (N.D. Tex. August 12, 2010); *White v. Tex. Dep't of Criminal Justice*, Civil Action No. 4:10-1625 (S.D. Tex. May 11, 2010); *White v. State*, Civil Action No. 5:10-0083 (W.D. Tex. March 31, 2010). *See also White v. Bush*, Civil Action No. 4:11-2534 (S.D. Tex. Sept. 19, 2011) (dismissing suit as barred under § 1915(g)). White therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

White's complaint (Dkt. 1) does not allege imminent physical danger. Because he is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g).

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED this day 21st day of January, 2020.

_____
George C. Hanks Jr.
United States District Judge